**F I L E D**

PUBLISH

**March 2, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICKY GARCIA,

        Plaintiff-Appellant,

v.

TIM LEMASTER, Warden,
New Mexico State Penitentiary;
JOHN SHANKS, Director, Adult
Prison Division for the New Mexico
Department of Corrections; ROBERT
J. PERRY, Cabinet Secretary;
GILBERT GARCIA, Classification
Bureau Chief, sued in their individual
and official capacities,

        Defendants-Appellees.

No. 04-2280

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-03-1119 WP/RLP)**

---

Submitted on the briefs:

Ricky Garcia, Pro Se Appellant.

Anthony Sclafani, Deputy General Counsel, Office of General Counsel,
New Mexico Corrections Department, Santa Fe, New Mexico, for Appellees.

---

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

**TYMKOVICH**, Circuit Judge.

The primary issue we address in this appeal is whether plaintiff Ricky Garcia, a New Mexico prisoner incarcerated in California, stated a claim upon which relief may be granted, *see* Fed. R. Civ. P. 12(b)(6), when he brought a 42 U.S.C. § 1983 action alleging unconstitutional classification and denial of recreation in New Mexico district court against New Mexico Corrections Department defendants. We conclude that Garcia failed to state a claim against these defendants.[1]

I.

In 1981, Garcia was sentenced to death for the murder of a correctional officer in New Mexico. His death sentence was commuted in 1986, and he has been housed in various prisons in New Mexico, Illinois, Minnesota, and California during the term of his sentence. Since 1994, Garcia has been housed at the Pelican Bay State Prison in California, pursuant to the Interstate Corrections Compact (ICC), which permits inmates to be transferred between states for confinement. N.M. Stat. § 31-5-17; Cal. Penal Code § 11189. In 2003, he

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

filed this pro se § 1983 action in New Mexico district court against several

New Mexico officials. He alleged that these New Mexico defendants violated his

Eighth and Fourteenth Amendment rights by (1) unlawfully confining him in

administrative segregation for seventeen years; (2) denying him a classification

hearing in accordance with New Mexico law for the last nine years during his

incarceration in California; (3) failing to comply with the ICC and to classify him

under New Mexico laws; (4) denying him a grievance appeal; and (5) denying him

recreation while incarcerated in California. He also contended that California

officials did not conduct classification hearings in accordance with New Mexico

Department of Corrections policies and procedures.[2] In addition to declaratory

and damage relief, Garcia requested an injunction ordering classification under

the ICC and applying New Mexico law and release to the general prison

population with restoration of rights and privileges.

Early on, the district court dismissed sua sponte with prejudice Garcia's

claim that he was improperly classified and his claims against defendants in

their official capacities. R. Doc. 7 (relying on 28 U.S.C. § 1915(e)(2) and

Rule 12(b)(6) as authority for dismissal). This left only the claims concerning an

---

[2]     In his complaint, Garcia also argued that defendants denied him access to the courts by denying him access to legal materials from New Mexico. Garcia does not make this argument on appeal. Thus, it is waived. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (deciding that failure to raise issue in opening appellate brief waives issue).

Eighth Amendment denial of adequate recreation and a Fourteenth Amendment denial of due process regarding classification. Thereafter, defendants filed a Rule 12(b)(6) motion to dismiss contending that California rules and regulations apply to Garcia's classification and that if Garcia were housed in New Mexico, his due process, classification, and recreation would be the same. Also, they asserted that defendant Tim LeMaster had nothing to do with Garcia's placement in California. The district court dismissed the action with prejudice, finding that Garcia is not in administrative segregation, rather he is in a high security unit due to past violent behavior; his classification in California is no different than it would be in New Mexico; his classification cannot be grieved in New Mexico; his recreation meets the accreditation standards of the American Correctional Association; and he has no due process right to a particular classification in prison. The court denied as moot Garcia's request for discovery. Later, the court denied his motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), because Garcia neither raised manifest errors of law nor presented newly discovered evidence.

## II.

We review the district court's dismissals under § 1915(e) and Rule 12(b)(6) de novo. *Conkle v. Potter*, 352 F.3d 1333, 1335 (10th Cir. 2003). "In determining whether dismissal is proper, we must accept the allegations of the

complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999) (quotation omitted). Dismissal is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) (quotation omitted). In applying these standards, we liberally construe a plaintiff's pro se allegations. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

III.

A.

"To state a valid cause of action under § 1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of state law." *Doe v. Bagan*, 41 F.3d 571, 573-74 (10th Cir. 1994) (quotation omitted). Based on the facts presented and Garcia's complaint allegations, we conclude he has failed to state a valid cause of action against the New Mexico defendants.

Garcia's claims concern his incarceration in California and actions taken by prison officials in California, who are responsible for his classification and

conditions of confinement.[3]  The relief he seeks can only be granted and implemented by California officials.  New Mexico corrections officials have no say in his classification in California, nor can they take any affirmative action with respect to conditions of confinement.  Garcia therefore brought these claims in the wrong federal district court and named the wrong defendants.

Our conclusion is supported by decisions from other federal courts. *See Ali v. Dist. of Columbia*, 278 F.3d 1, 9 (D.C. Cir. 2002) (requiring District of Columbia inmate imprisoned in Virginia to file § 1983 suit against Virginia officials in appropriate federal district court in Virginia, because § 1983 gives that remedy to every Virginia inmate whether transferred from another jurisdiction or not); *Rich v. Zitnay*, 644 F.2d 41, 42 (1st Cir. 1981) (stating in dicta that if prisoner complains about lack of necessities like food or heat, he should sue present custodian, because federal district court in custodian's district could better assess situation and order complete relief and custodian would be proper party to remedy any wrong).  *But see Jaben v. Moore*, 788 F. Supp. 500, 501, 503-04 (D. Kan. 1992) (addressing, without considering venue, alleged

---

[3] To the extent Garcia challenges his incarceration in administrative segregation in New Mexico prior to his transfer to California, over nine years ago, that challenge is barred by New Mexico's three-year statute of limitations for civil rights actions. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985); N.M. Stat. § 37-1-8.  Thus, Garcia fails to state a claim against defendants for his incarceration in New Mexico prior to his transfer to California.

constitutional violations concerning conditions of confinement, including custody classification, of Kansas convict imprisoned in Missouri); *cf. Baker v. Dist. of Columbia*, 326 F.3d 1302, 1307 (D.C. Cir. 2003) (distinguishing *Ali*, because plaintiff in *Ali* did not allege that District of Columbia has policy of sending inmates to Virginia prisons that allegedly routinely mistreat prisoners).[4]  Here, Garcia's claims regarding his treatment in the California prison—administrative segregation, security classification, and denial of recreation—can only be addressed by California officials, not New Mexico officials.  Accordingly, we conclude that Garcia failed to state a claim for relief against defendants.

B.

Garcia's next argument is that he was entitled to classification procedures

---

[4]     Garcia was advised in his prior litigation in California that his claims concerning conditions of confinement should be brought in California.  *See Garcia v. Marshall*, No. C 94-03085 CW, 1995 WL 688646 (N.D. Cal. Nov. 9, 1995) (unpublished) (deciding that California venue was proper to decide Garcia's claims concerning conditions of his confinement because he resided in California and substantial part of events giving rise to action occurred in California, while ultimately deciding that claim for New Mexico legal materials should have been brought in New Mexico).

pursuant to New Mexico law or to a hearing by New Mexico officials.[5]  This claim is also unavailing for several reasons.

First, under the ICC,

> [a]ny hearing or hearings to which an inmate confined pursuant to this compact may be entitled by the laws of the sending state may be had before the appropriate authorities of the sending state, or of the receiving state if authorized by the sending state . . . .  In the event such hearing or hearings are had before officials of the receiving state, the governing law shall be that of the sending state . . . .  In any and all proceedings had pursuant to the provisions of this subdivision, the officials of the receiving state shall act solely as agents of the sending state and no final determination shall be made in any matter except by the appropriate officials of the sending state.

N.M. Stat. § 31-5-17, art. 4(F); Cal. Penal Code § 11189, art. IV(f).  While this language suggests entitlement to some types of hearings allowed under New Mexico law, the provision will not support a § 1983 action unless it creates

---

[5]   Garcia admits that he received classification hearings in California under the laws and regulations of Pelican Bay State Prison and California, but he contends that California officials refused to release him to the general prison population and told him they would never do so.  According to Garcia, California officials suggested that he discuss any classification issues with New Mexico officials, because New Mexico is responsible for his classification.  He, however, provides no support for these assertions, and it is clear that California considered his classification level and placed him in secure housing.  Garcia filed two administrative grievances in New Mexico concerning his status, but he received no response to either, suggesting that New Mexico officials did not retain authority over his classification in California.  Furthermore, Garcia admits that he always asked for New Mexico law to be applied at his classification hearings in California, but his requests were denied.

a liberty interest protected by the due process clause of the Fourteenth Amendment. We conclude it does not.

Garcia admits he received classification hearings under California prison procedures. In a prison setting, however, we will not find a state-created liberty interest unless the state "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Ghana v. Pearce*, 159 F.3d 1206, 1209 (9th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (deciding ICC does not create liberty interest and violation of ICC cannot be basis for § 1983 action). Application of California's procedures to out-of-state inmates housed in California prisons does not impose an "atypical or significant hardship" on such prisoners. *See Stewart v. McManus*, 924 F.2d 138, 141, 142 (8th Cir. 1991) (deciding inmate had no liberty interest entitling him to application of sending state's disciplinary rules to his disciplinary proceedings in receiving state and ICC is not federal law and cannot be basis for § 1983 claim).

Furthermore, New Mexico Corrections Department Policies state that "[i]nmates who are transferred to another state prison system will observe the receiving state's policies, rules and procedures related to, but not limited to, classification, case management and discipline." Policy CD-080102(M)(2)(b) (revised Oct. 26, 2005), *available at* http://www.corrections.state.nm.us/policies/CD-080100.pdf (scroll to CD-080102

on page twelve of the pdf document).[6]  Under this policy, it is clear that

New Mexico has not retained authority over classification or recreation decisions.

Rather, New Mexico has "authorized" California to conduct hearings regarding

prison status under N.M. Stat. § 31-5-17, and any claim that California officials

are violating the ICC must also be brought against those officials in California.[7]

Second, and equally important, the ICC instead provides that while

incarcerated in California, Garcia "shall be treated in a reasonable and humane

manner and shall be treated equally with such similar inmates of the receiving

state as may be confined in the same institution."  N.M. Stat. § 31-5-17, art. 4(E);

Cal. Penal Code § 11189, art. IV(e).  To require Garcia to be classified or

provided with recreation only in accordance with New Mexico law would stand

this provision on its head:  Garcia would not be treated the same as other

prisoners at Pelican Bay State Prison; he would be treated better or worse

---

[6]     The website indicates that these are not the official versions of the
Corrections Department policies.  But the website also indicates that reasonable
efforts have been made to assure accuracy of the policies.

[7]     To the extent that Garcia contends New Mexico officials failed to abide by
the ICC, and to the extent he seeks a declaration that New Mexico officials must
follow the requirements of the ICC, he also fails to state a claim upon which
relief may be granted.  The ICC's "procedures are a purely local concern and
there is no federal interest absent some constitutional violation in the treatment
of these prisoners."  *Ghana*, 159 F.3d at 1208; *accord Stewart*, 924 F.2d at 142.
Moreover, the Eleventh Amendment provides absolute immunity in federal
court to state officials for suits alleging breach of contract under state law.
*See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

depending on the discretion of the official evaluating New Mexico recreation requirements. *See Lehn v. Holmes*, 364 F.3d 862, 866-67 (7th Cir. 2004) ("The ICC allows receiving and sending states to allocate burdens between themselves for the care of inmates and affords a prisoner convicted out-of-state with the same rights as a prisoner convicted in-state."); *cf. Jaben*, 788 F. Supp. at 504 ("Given that a primary purpose of the custody classification is a determination of the proper place of confinement, a common-sense reading of this provision must allow authorities having daily physical custody of the transferred inmate to evaluate this aspect of his program."). The ICC does not command California to administer the classification and recreation rules of the various states from which its prisoners have been transferred.

Garcia correctly asserts that New Mexico retains jurisdiction over him under the ICC. But that jurisdiction relates to transfer decisions and matters concerning his New Mexico conviction and sentence. *See* N.M. Stat. § 31-5-17, art. 4(A) (receiving state acts as agent for sending state); Cal. Penal Code § 11189, art. IV(a) (same); N.M. Stat. § 31-5-17, art. 4(C) (inmate is subject to sending state's jurisdiction "and may at any time be removed therefrom for transfer to a prison or other institution within the sending state, for transfer to another institution in which the sending state may have a contractual or other right to confine inmates, for release on probation or parole, for discharge, or for

any other purpose permitted by the laws of the sending state"); Cal. Penal Code § 11189, art. IV(c) (same). The retained jurisdiction does not concern his classification and recreation in California.

C.

In addition to his classification and recreation arguments, Garcia also argues on appeal that the district court improperly denied his request for discovery and favored defendants. In light of our conclusion that Garcia fails to state a claim for relief against defendants, we need not address these arguments.

Finally, Garcia makes several arguments for the first time in his reply brief on appeal: (1) defendants improperly transferred him to California, Aplt. Reply Br. at 13-14; (2) various other aspects of his conditions of confinement violate his constitutional rights, *id.* at 18-19; and (3) defendants have been deliberately indifferent to his medical needs, despite their awareness of the risks that housing at Pelican Bay State Prison imposes, *id.* at 19-20. We ordinarily do not address issues raised for the first time in a reply brief, and we decline to deviate from this practice in this case. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

IV.

"We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *United States v. Sandoval*, 29 F.3d 537, 542 n.6

-12-

(10th Cir. 1994) (quotation omitted). Although we agree that the district court correctly dismissed this case for failure to state a claim upon which relief may be granted, we disagree with its grounds for doing so and AFFIRM for the reasons discussed. We grant Garcia's request for leave to proceed on appeal in forma pauperis. He must continue making payments until his entire filing fee is paid.