**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEROME DAVIS,

Petitioner - Appellant,

v.

ENVIRONMENTAL PROTECTION
AGENCY,

Respondent - Appellee.

Nos. 06-3056 and 06-3103

(D. Kansas)

(D.C. Nos. 05-CV-3458-RDR
& 06-CV-3049-SAC)

---

**ORDER AND JUDGMENT***

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit
Judges.

---

Jerome Davis, a state prisoner in Nebraska, appeals from two judgments.

The first dismissed his petition under 28 U.S.C. § 1361 for a writ of mandamus

against the Environmental Protection Agency (EPA) because of the availability of

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

a statutory remedy. The second judgment dismissed a subsequent complaint seeking the statutory remedy because it failed to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We affirm the first dismissal and reverse the second.

Mr. Davis filed a petition for a writ of mandamus in the United States District Court for the District of Kansas on December 6, 2005. The petition alleged that the EPA had "been negotiating an arrangement" with several companies that had been found liable "for the contamination of the Superfund Site in Omaha, Nebraska" but had so far failed to make those parties financially liable for the site's decontamination. R. (06-3056) Doc. 1 at 1. Mr. Davis requested that the district court issue an order "to have the 'E.P.A.' take the other parties into Federal Court [and have them] held liable financially for the on-going clean-up on site," along with whatever further remedy the district court would deem just. *Id.* Mr. Davis apparently filed the petition in Kansas because the regional EPA office responsible for EPA activities in Nebraska is located in Kansas City, Kansas. The district court ruled that mandamus relief was not warranted because Mr. Davis had an adequate remedy under the citizen-suit provision of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9659, which specifically provides for actions compelling the EPA to perform its duties. It dismissed the petition without prejudice on

January 27, 2006. Mr. Davis filed a timely notice of appeal on February 8, 2006. The district court granted him leave to proceed *in forma pauperis* on appeal.

Five days after filing his notice of appeal, Mr. Davis filed a pro se complaint in district court requesting a declaratory judgment "directing the Administrator of the 'E.P.A.' to take legal action" against the companies; a preliminary and permanent injunction "to get 'E.P.A.' to act"; a temporary restraining order "making E.P.A. immediately take all said liable & possible parties to court"; and whatever further relief the court deemed appropriate. R. (06-3103) Doc. 1 at 2. The district court, stating that the complaint had been drafted on a prisoner's "form complaint for seeking relief under 42 U.S.C. § 1983," dismissed the complaint without prejudice because it was a "repetitive filing of essentially the same claim" as the petition for a writ of mandamus and therefore "frivolous and abusive" and did not state a claim for relief under § 1983. *Id*. Doc. 3 at 1, 2. Mr. Davis filed a timely notice of appeal from this judgment, and again the district court granted him leave to proceed *in forma pauperis* on appeal.

I.     DISCUSSION

A.     Petition for a Writ of Mandamus (06-3056)

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). "To be eligible for mandamus relief, the petitioner must establish (1) that

he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) *that he has no other adequate remedy*." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (emphasis added). We review de novo the determination whether the factors are met. *See id.*

The district court denied Mr. Davis's request for mandamus relief because such "drastic and extraordinary relief" was not warranted when 42 U.S.C. § 9659 provided a statutory mandamus remedy whose requirements Mr. Davis had not followed. Section 9659(a)(2) provides in relevant part:

(a) Authority to bring civil actions

Except as provided in subsections (d) and (e) of this section and in section 9613(h) of this title (relating to timing of judicial review), any person may commence a civil action on his own behalf—

> (2) against . . . any . . . officer of the United States (including the Administrator of the Environmental Protection Agency . . .) where there is alleged a failure of the President or of such other officer to perform any act or duty under this chapter, including an act or duty under section 9620 of this title (relating to Federal facilities), which is not discretionary with the President or such other officer.

On appeal Mr. Davis states only, "It is Appellant's opinion that providing a notice to the E.P.A. Administrator is an inadequate remedy, as after approximately 4 years" the EPA is still negotiating with the companies responsible for the polluted site. Aplt. Br. (06-3056) at 3. A writ of mandamus, Mr. Davis argues, is the "only option left" and would provide the same relief as § 9659. *Id.* at 4.

Although Mr. Davis's frustration is perhaps understandable, he has not shown that he has no other adequate remedy. Section 9659 provides the very remedy Mr. Davis seeks. Therefore, we AFFIRM the judgment of the district court in case number 06-3056.

**B.    Complaint (06-3103)**

The district court stated that Mr. Davis's complaint was "before the court on a form complaint for seeking relief under 42 U.S.C. § 1983." R. (06-3103) Doc. 3 at 1. Mr. Davis in fact wrote his complaint on an upside-down "Inmate Interview Request" form. *Id*. Doc. 1 at 1. The only apparent reason he did so was to use the ruled lines the form provided; he crossed out all other words on it. Nor does the complaint itself cite or in any way refer to § 1983. It does, however, claim that the district court has jurisdiction under 42 U.S.C. § 9659. Construing Mr. Davis's pro se complaint liberally, *see Garcia v. Lemaster*, 439 F.3d 1215, 1217 (10th Cir. 2006), we read it as a suit seeking relief under that statute. He in fact so argues in his appellate brief.

It appears that the district court thought that Mr. Davis's complaint could not be a citizen suit under § 9659 because such a suit must be brought in the District of Columbia. But venue is not restricted to that district. The venue provision of § 9659 provides that citizen suits against governmental agencies "*may* be brought in the United States District Court for the District of Columbia," 42 U.S.C. § 9659(b)(2) (emphasis added). "May" is permissive, not mandatory.

Congressional intent on this point becomes even clearer when one considers the accompanying venue provision for citizen suits against private actors: such suits "*shall* be brought in the district court for the district in which the alleged violation occurred," *id.* § 9659(b)(1) (emphasis added). Although no published opinion specifically addresses this point, we note that citizen suits against the government have been regularly litigated outside the District of Columbia. *See, e.g.*, *Schalk v. Reilly*, 900 F.2d 1091 (7th Cir. 1990) (CERCLA citizen suits against the EPA filed in District of Columbia were removed to and decided in the Southern District of Indiana); *City of Moses Lake v. United States*, 416 F. Supp. 2d 1015 (E.D. Wash. 2005) (deciding CERCLA suit not brought in District of Columbia); *Worldworks I, Inc. v. U. S. Dep't of Army*, 22 F. Supp. 2d 1204 (D. Colo. 1998) (same); *Conservation Law Found. of New England, Inc. v. Browner*, 840 F. Supp. 171 (D. Mass. 1993) (same).

Because Mr. Davis was not in fact asserting any claims under 42 U.S.C. § 1983, and his complaint was not a "repetitive filing of essentially the same claim" and therefore "frivolous and abusive," we reverse the judgment of the district court and remand for further proceedings. We intimate no view on the adequacy of Mr. Davis's claim in other respects.

**II.     CONCLUSION**

We AFFIRM the judgment of the district court in case number 06-3056.

We REVERSE the judgment of the district court in case number 06-3103 and

REMAND for further proceedings.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge