**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKY GARCIA,

   Plaintiff - Appellant,

 v.

DON HOOVER; JEFF SERNA; JOHN
DOE; JOHN DOE; JOHN DOE;
ROBERT J. PERRY; BRIAN CULP;
JOHN SHANKS; JOE R. WILLIAMS;
DARELD L. KERBY; EDWARD
GONZALES; GILBERT GARCIA;
ELMER BUSTOS, each being sued in
their individual and official capacities,

   Defendants - Appellees.

No. 06-2225

D. New Mexico

(D.C. No. CIV-O6-23 MV/RLP)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Ricky Garcia, a New Mexico state prisoner presently confined at Pelican Bay State Prison in California pursuant to the Interstate Corrections Compact (ICC), appeals *pro se* and *in forma pauperis* from the district court's *sua sponte* dismissal of his civil rights complaint.  We affirm.

In 1981, Garcia was sentenced to death in New Mexico state court for the murder of a correctional officer.[1]  In November 1986, the Governor of New Mexico commuted his death sentence to life imprisonment.  Thereafter, Garcia was removed from death row and placed in administrative segregation.[2]  In February 1988, Garcia requested a transfer to an out-of-state prison.  In May 1989, he was transferred to a federal prison in Marion, Illinois, where he was placed in administrative segregation.  In September 1992, Garcia was returned to New Mexico and sent to the Central New Mexico Correctional Facility (CNMCF).

_____

[1] Garcia also has convictions for armed robbery, aggravated battery, escape, first-degree murder of an inmate and second-degree murder of an inmate. Additionally, while in prison, he has been involved in a riot and prison gang and has been reprimanded for arson and possession of weapons and drugs.

[2] In one of Garcia's previous lawsuits, addressed *infra*, the defendants alleged Garcia was placed in *voluntary* administrative segregation upon his sentencing being commuted.  According to Garcia, he was never placed in voluntary administrative segregation.  Rather, he alleges he was placed in *involuntary* administrative segregation in retaliation for his murdering a white correctional officer and his death sentence being commuted.

The CNMCF placed him in involuntary administrative segregation due to his name appearing on many prisoners' enemy lists.

In November 1992, Garcia was again transferred—this time to the Minnesota Correctional Facility. On May 11, 1993, Garcia attacked and wounded another inmate. In July 1993, Garcia was returned to New Mexico and sent to the Western New Mexico Correctional Facility. There, he was placed in involuntary administrative segregation due to his past violence and his name continuing to appear on prisoners' enemy lists. On April 29, 1994, Garcia was transferred to the Pelican Bay State Prison in California, where he is currently confined. Since his arrival at Pelican Bay, he has been housed in the Special Housing Unit in administrative segregation due to his past conduct and association with a New Mexico prison gang.

In 1993, Garcia filed a civil rights action (Case No. CV-93-1286) in the United States District Court of New Mexico against New Mexico Department of Corrections (NMDC) officials Dan Hoover and Eloy Mondrago. He alleged his transfers to out-of-state prisons and his placement in involuntary administrative segregation were motivated by racism and done in retaliation for having his death sentence commuted. He also asserted the defendants conspired to place him in out-of-state facilities and in administrative segregation. The defendants filed a motion for summary judgment, which was granted. The court concluded Garcia presented no specific facts in support of his retaliation claims and his placement

in involuntary administrative segregation and transfers out of state were reasonably related to the prison's legitimate security concerns. It also found Garcia presented no evidence of an agreement or meeting of the minds between the defendants to support his conspiracy claim.

Ten years later, Garcia filed another civil rights complaint (Case No. CV-03-1119) in the New Mexico District Court against Tim LeMaster, John Shanks, Robert Perry, and Gilbert Garcia (all officials of the NMDC) alleging they violated his Eighth and Fourteenth Amendment rights by (1) unlawfully confining him in administrative segregation for seventeen years, (2) denying him a classification hearing in accordance with New Mexico law while incarcerated in California, (3) failing to comply with the ICC and to classify him under New Mexico laws, (4) denying him a grievance appeal, (5) denying him recreation while incarcerated in California and (6) denying him access to the courts by denying him access to legal materials from New Mexico. The district court dismissed the complaint. We affirmed. *Garcia v. LeMaster*, 439 F.3d 1215, 1216 (10th Cir. 2006) (*Garcia I*). We concluded Garcia's claims concerning his treatment in the California prison (his placement in administrative segregation, his security classification and the denial of recreation) could only be addressed by California officials and therefore Garcia brought his claim in the wrong court and against the wrong defendants. *Id.* at 1217-18. To the extent he was challenging his incarceration in administrative segregation in New Mexico (prior to his

transfer to California), his claim was barred by New Mexico's three-year statute of limitations for civil rights actions. *Id.* at 1217 n.3. We further concluded Garcia was not entitled to classification procedures pursuant to New Mexico law or to a hearing by New Mexico officials because (1) the ICC did not create a liberty interest protected by due process, (2) application of California procedures to out-of-state inmates housed in California prisons does not impose an atypical or significant hardship on them and (3) the ICC does not require a receiving state to administer the classification and recreation rules of a sending state. *Id.* at 1218-20.

On January 9, 2006, Garcia filed the current lawsuit against Hoover, Shanks, Perry, Gilbert Garcia and six other current and former NMDC officials, as well as three John Doe defendants representing three former NMDC officials. In his eighty page complaint (excluding exhibits), he alleged sixteen claims for relief including conspiracy under 42 U.S.C. §§ 1985 and 1986 and violations of his First, Eighth, and Fourteenth Amendment rights, as well as violations of various state statutory and constitutional provisions. The district court *sua sponte* dismissed Garcia's complaint under 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure on res judicata, failure to state a claim and statute of limitations grounds. His subsequent motion to reconsider was also denied.

We review *de novo* the district court's dismissal of Garcia's complaint. *Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). We agree with the district court that Garcia's claims against (at least) Hoover, Shanks, Perry and Gilbert Garcia are barred by res judicata/claim preclusion. "Res judicata generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating *the issues that were decided or issues that could have been raised in the earlier action*. A claim is barred by res judicata when the prior action involved identical claims and the same parties or their privies. " *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (citation omitted) (emphasis added). All of Garcia's claims against these defendants were previously litigated or should have been raised in his previous lawsuits.

Even assuming the remaining defendants are not in privy with the above defendants, Garcia's claims still fail. As we stated in *Garcia I*, Garcia's claims concerning his current classification and conditions of confinement in the Pelican Bay State Prison are not actionable against these New Mexico defendants.[3] 439 F.3d at 1218-19. To the extent Garcia is complaining about his placement in administrative segregation or transfers to an out-of-state prison while confined in

---

[3] In 2005, Garcia filed a civil rights lawsuit against various California prison officials in the Northern District of California alleging similar claims to the ones raised in the current action. *See Garcia v. Schwarzenegger* (Case No. 05-4009). The status of that case is unclear.

the New Mexico prison system, his claims are barred by New Mexico's three-year statute of limitations for civil rights actions. *Id.* at 1217 n.3 (citing N.M. STAT. § 37-1-8). Lastly, Garcia's assertion he is the subject of a continuing violation by these defendants fails because any continuing violation by them ended when he was transferred to California in 1994.[4]

AFFIRMED. Garcia is reminded he must continue making payments until the entire filing fee is paid.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge

---

[4] Garcia's main argument against the application of res judicata and the statute of limitations is that he first learned in 2004 (in the defendant's motion to dismiss in Case No. CV-03-1119) that the defendants claimed he was placed in *voluntary* administrative segregation after his sentence was commuted in 1986. He contends this claim is false and this error has resulted in him being placed in involuntary administrative segregation since that time. Assuming Garcia's assertion is true, there is no evidence Garcia's subsequent placements in involuntary administrative segregation were the result of defendants' erroneous belief. Moreover, nothing prevented Garcia, after receiving the defendants' motion to dismiss, from seeking to amend his complaint in Case No. CV-03-1119 to raise the issue.