**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KEITH V. MENEFEE, DUSTIN S.
BLEVINS,

        Plaintiffs-Appellants,

v.

ROGER WERHOLTZ, Secretary of
Corrections, Kansas Department of
Corrections; ELIZABETH RICE,
Interstate Compact Coordinator,
Kansas Department of Corrections;
JOHNNIE GODDARD, Warden,
Ellsworth Correctional Facility;
SHARON COX, Unit Team Manager,
Ellsworth Correctional Facility;
MARK RADENBERG, Unit Team
Counselor, Ellsworth Correctional
Facility; MARTY SAUERS,
Classification Administrator,
Ellsworth Correctional Facility,

        Defendants-Appellees.

No. 09-3186
(D.C. No. 5:08-CV-03314-SAC)
(D. Kan.)

---

DUSTIN S. BLEVINS,

        Plaintiff-Appellant,

v.

ROGER WERHOLTZ, Secretary of
Corrections, Kansas Department of
Corrections; ELIZABETH RICE,
Interstate Compact Coordinator,
Kansas Department of Corrections;
JOHNNIE GODDARD, Warden,

No. 09-3202
(D.C. No. 5:09-CV-03033-SAC)
(D. Kan.)

Ellsworth Correctional Facility;
SHARON COX, Unit Team Manager,
Ellsworth Correctional Facility;
MARK RADENBERG, Unit Team
Counselor, Ellsworth Correctional
Facility; MARTY SAUERS,
Classification Administrator,
Ellsworth Correctional Facility,

Defendants-Appellees.

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

No. 09-3186, a pro se civil rights appeal, was filed by plaintiffs Menefee (an Idaho state prisoner) and Blevins (an Oklahoma state prisoner), who are both currently confined by the Kansas Department of Corrections at Ellsworth Correctional Facility. No. 09-3202, also a pro se civil rights appeal, was filed by Blevins. We have jurisdiction over both appeals under 28 U.S.C. § 1291. We dismiss Blevins from No. 09-3186 and waive the filing fee for that appeal as to him. We further conclude that both appeals are frivolous on the merits and that

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the severance issue plaintiffs raise in their respective appeals is moot.

No. 09-3186 is dismissed in part as frivolous and in part as moot. No. 09-3202 is dismissed in part as frivolous and in part as moot, and is otherwise affirmed. We assess two strikes under 28 U.S.C. § 1915(g) against both Menefee and Blevins. *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780-81 (10th Cir. 1999) (explaining what counts as a strike). Blevins' motion to proceed in forma pauperis (ifp) on appeal in No. 09-3202 is denied. Menefee's motion to proceed ifp on appeal in No. 09-3186 was granted by the district court, but it is vacated. The filing fee in both appeals is due immediately.

## I. Procedural History

Menefee and Blevins, together, filed their pro se complaint in federal district court against various prison officials, asserting that defendants violated their rights under the Interstate Corrections Compact (ICC),[1] Kan. Stat. Ann. §§ 76-3001 to 76-3003, and seeking declaratory, injunctive, and monetary relief. They each also filed an "application to proceed without prepayment of fees and affidavit by a prisoner" under 28 U.S.C. § 1915. R., D.C. No. 08-CV-03314, at 63, 66 (Docs. 2, 3). Upon screening the complaint prior to service under 28 U.S.C. § 1915A, the district court entered a preliminary order for three

---

[1] They asserted that defendants violated their rights under the "Interstate Compact Agreement (I.C.A.)" and cited "KSA-76-3001/3002[.]" *See* R., D.C. No. 08-CV-03314, at 10-11 (Doc. 1, at 3-3A).

purposes. *See* R., D.C. No. 08-CV-03314, at 132 (Doc. 8). First, the court severed Blevins and his claims and directed that the clerk copy all of the pleadings and initiate a separate case for him. *Id.* at 133. The court reasoned that the attachments to the complaint showed that Menefee and Blevins were complaining about different problems, that their allegations would require different proof, and that the parties and their claims were misjoined. *Id.*[2] Second, without granting or denying Menefee's motion for leave to proceed ifp, the district court assessed an initial partial filing fee against Menefee of $10.50 under 28 U.S.C.§ 1915(b)(1). R., D.C. No. 08-CV-03314, at 134. Third, the court advised Menefee that his complaint was deficient. *Id.* at 135-49. In particular, the court pointed out that Menefee had failed to allege the personal participation of each of the defendants in any alleged wrongdoing, as he was required to do. *See id.* at 136 & n.4 (citing *Bennett v. Passic*, 545 F.2d 1260, 1262 (10th Cir. 1976), and *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996)). In addition, the court pointed out that alleged violations of the ICC involve "no federal interest absent some constitutional violation in the treatment of these prisoners[,]" and such claims cannot be brought under 42 U.S.C. § 1983. *See* R., D.C. No. 08-CV-03314, at 138-39 (quoting *Garcia v. Lemaster*, 439 F.3d 1215, 1219 n.7 (10th Cir. 2006) (further quotation omitted)).

---

[2]     We dismissed plaintiffs' interlocutory appeal from the order of severance.

A separate district court case was initiated for Blevins with a copy of the complaint he had filed with Menefee. The district court entered a substantially similar preliminary order in Blevins' case. Without granting or denying Blevins' motion for leave to proceed ifp, the court assessed an initial partial filing fee against Blevins of $10.50 and advised him of the same deficiencies in his complaint. *See* R., D.C. No. 09-CV-03033, at 126-27, 127-42 (Doc. 6, at 2-3, 3-18).

Both Menefee and Blevins responded to the district court's preliminary orders, but the court determined that neither plaintiff had corrected the deficiencies in his complaint. In D.C. No. 08-CV-03314, the district court noted that Menefee had made the assessed partial fee payment and granted his motion for leave to proceed ifp. R., D.C. No. 08-CV-03314, at 210 (Doc. 16, at 3). The court then dismissed Menefee's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), *see* R., D.C. No. 08-CV-03314, at 216 (Doc. 19, at 2), and it was never served on the defendants. The court entered judgment, *id.* at 218 (Doc. 20), and granted Menefee's subsequent motion for leave to proceed ifp on appeal, noting that Menefee had paid the assessed initial partial filing fee and declining to certify that the appeal was not taken in good faith. *Id.* at 243-44 & n.2 (Doc. 25, at 1-2 & n.2).

In D.C. No. 09-CV-03033, the district court stated that Blevins had neither made the assessed partial fee payment nor objected to the assessment and denied

his motion for leave to proceed ifp for failure to comply with the court's assessment order. *See* R., D.C. No. 09-CV-03033, at 162-63 (Doc. 9, at 1-2), 197 (Doc. 16, at 1). The court then dismissed Blevins' complaint for nonpayment of the initial filing fee and, in the alternative, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *See* R., D.C. No. 09-CV-03033, at 163-64 (Doc. 9, at 2-3). The complaint was never served on the defendants. The court denied Blevins' subsequent motion for leave to proceed ifp on appeal, finding that his financial information was incomplete and he had not acted in good faith. *Id.* at 198 (Doc. 16).

## II. Discussion

We note at the outset that Menefee and Blevins purported to file a class action suit in D.C. No. 08-CV-03314 and persisted in filing pleadings carrying both of their names in both D.C. No. 08-CV-03314 and D.C. No. 09-CV-03033, as if both cases were class actions. We emphasize, however, that neither Menefee nor Blevins may represent each other or a class without counsel "because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks omitted).

We dismiss Blevins from appeal No. 09-3186. He was not a party to D.C. No. 08-CV-03314 when the final judgment was entered or the second notice

-6-

of appeal was filed, and he may not appeal from the judgment in that case. We waive the filing fee in No. 09-3186 as to Blevins and vacate our September 24, 2009, order assessing fees for this appeal against Blevins.

With regard to the merits in both appeals, we review de novo the district court's dismissal of a prisoner's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). As with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), we accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay*, 500 F.3d at 1217. "[W]e look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218 (quotation omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Since Menefee and Blevins are proceeding pro se, their complaints must be construed liberally. *See Kay*, 500 F.3d at 1218.

We have carefully reviewed the record for both district court cases, and conclude that Menefee's and Blevins' claims, which were in all material respects identical, were frivolous and were properly dismissed. *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) (holding that claim is frivolous if it is "based

-7-

on an indisputably meritless legal theory" or "founded on clearly baseless factual contentions" (quotations omitted)).  In light of the clear authority from this court cited by the district court to both Menefee and Blevins, their reiteration of the same arguments on appeal to challenge the dismissals is also frivolous.  We therefore dismiss both appeals as frivolous on the merits and assess a strike against both Menefee and Blevins under 28 U.S.C. § 1915(g).  *See Jennings*, 175 F.3d at 780.  The district court's dismissal for failure to state a claim in each district court case also counts as a strike under § 1915(g) against both Menefee and Blevins.  *See Jennings*, 175 F.3d at 780.  Thus, a total of two strikes is assessed against each plaintiff.  Because we uphold the dismissal of both complaints, the issue of the severance of the two cases is moot, as raised by Menefee in No. 09-3186 and Blevins in No. 09-3202.

In No. 09-3202, Blevins also challenges the district court's denial of his motion for leave to proceed ifp in the district court, and he has renewed his motion for leave to proceed ifp on appeal in this court.  We conclude that the court denied Blevins' motions to proceed ifp on an improper ground—his failure to pay the assessed initial partial filing fee.  "The PLRA does not prohibit a prisoner from bringing a civil action or appealing a civil judgment when he has no assets or means to pay an initial partial filing fee." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (citing 28 U.S.C. § 1915(b)(4)).

When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962); *see also Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). "Thus, in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

The district court acknowledged that Blevins filed the supporting paperwork required for prisoners by 28 U.S.C. § 1915(a)(2). *See* R., D.C. No. 09-CV-03033, at 126 (Doc. 6, at 2). The trust fund account statement Blevins filed with his initial motion to proceed ifp in the district court showed that he was unable to pay the district court filing fee. *See id.* at 64 (Doc. 2, at 3) (showing available cash balance of $0.00 and available forced savings balance of $137.53). Therefore, Blevins made the required financial showing to proceed ifp. Nevertheless, because we conclude that Blevins' claims were already foreclosed by Tenth Circuit law before he brought suit and were therefore frivolous, we affirm the denial of ifp on the alternate ground that he failed to satisfy both of the

requirements for ifp. We deny his motion to proceed ifp on appeal in No. 09-3202 for the same reason.

The district court noted that Menefee had paid the assessed initial partial filing fee and declined to certify that his appeal was brought in bad faith. The Supreme Court, however, has held that an appeal is taken under 28 U.S.C. § 1915 in objective good faith when it presents "any issue not frivolous." *Coppedge*, 369 U.S. at 444-45; *see Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (citing 28 U.S.C. § 1915(a)(3), (e)(2)). We conclude that Menefee has failed to present a nonfrivolous issue on appeal, his appeal was not taken in good faith, and his motion to proceed ifp on appeal in No. 09-3186 should have been denied. We vacate the district court's order granting Menefee's motion to proceed ifp on appeal. *See* R., D.C. No. 08-CV-03314, at 243 (Doc. 25).

All other outstanding motions in both appeals are denied.

No. 09-3186 is DISMISSED in part as frivolous and in part as moot, and our September 24, 2009, order assessing fees for this appeal against Blevins is VACATED. No. 09-3202 is DISMISSED in part as frivolous and in part as moot and AFFIRMED in part. Both Menefee and Blevins are assessed two strikes under 28 U.S.C. § 1915(g). We deny ifp on appeal and direct both Menefee and

-10-

Blevins to make full and immediate payment of the outstanding balance of the appellate filing fees.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge