FILED

United States Court of Appeals
Tenth Circuit

**October 7, 2016**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

| | |
|---|---|
| FRANKLIN C. SMITH,<br><br>   Plaintiff-Appellant,<br><br>v.<br><br>DEPUTY DUSTIN DUBOISE,<br>Grievance Coordinator; SGT.<br>ERNEST MENDENHALL;<br>DEPUTY ROBERTSON; D.O.<br>ROBERSON; STANLEY GLANZ,<br><br>   Defendants-Appellees. | No. 16-5004<br>(D.C. No. 4:14-CV-00511-GKF-PJC)<br>(N.D. Okla.) |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**,
Circuit Judges.
_____

Mr. Franklin Smith was a pretrial detainee at the Tulsa County Jail.

When booked into the jail, Mr. Smith failed to follow the directions

given by two officers. The officers thought that Mr. Smith was drunk and

---

[*]     Oral argument would not materially aid our consideration of the
appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we
have decided the appeal based on the briefs.

   Our order and judgment does not constitute binding precedent
except under the doctrines of law of the case, res judicata, and collateral
estoppel. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

refusing to cooperate. Mr. Smith denies that he was drunk or uncooperative; he states that a mental disability caused him to think that he was in a restaurant in New Mexico. When Mr. Smith failed to follow the officers' directions, the two officers grabbed Mr. Smith's arm behind his back and directed him where he was to go.

Mr. Smith sued five officers (Sheriff Stanley Glanz, Sergeant Ernest Mendenhall, Deputy Dustin DuBoise, Detention Officer Roberson, and Deputy Robertson); and he wanted to sue two more officers (Corporal Miller and Officer Cantrell), claiming the use of excessive force and a violation of the Americans with Disabilities Act. But the district court granted dismissal or summary judgment to the five officers being sued and denied Mr. Smith leave to amend the complaint to add Corporal Miller and Officer Cantrell as defendants. In this appeal, Mr. Smith challenges these rulings, arguing that he created triable fact issues.[1] We affirm.

## 1.    Appellate Jurisdiction

One defendant argues that we lack appellate jurisdiction because the district court did not enter a final order. We disagree. The district

---

[1]    The district court dismissed claims against two of the officers (Detention Officer Roberson and Deputy Robertson) based on a failure to effect timely service. Mr. Smith does not challenge this ruling.

court stated that its order was final, terminated the action, and entered judgment for the defendants. These steps rendered the order final, creating appellate jurisdiction. *See Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006) ("[I]f a district court expressly and unambiguously dismisses a plaintiff's entire action, that order is final and appealable.").

## 2. Claims of Excessive Force Against Sheriff Glanz

The district court dismissed the excessive force claims against Sheriff Glanz based on a lack of personal participation and failure to state a valid claim. We agree with the rulings based on the district court's thorough explanation.

## 3. Claims of Excessive Force Against Officers Mendenhall and DuBoise

Officers Mendenhall and DuBoise obtained summary judgment on the excessive force claims. We agree with this ruling. As the district court explained, most of the episode was captured on videotape, which showed the use of minimal force to take Mr. Smith where he was ordered to go. Whether Mr. Smith was drunk or mentally disabled, the videotape shows that the officers took reasonable steps to carry out the booking process. *See Cortez v. McCauley*, 478 F.3d 1108, 1125 (10th Cir. 2007)

(en banc). As a result, we agree with the district court's explanation for the grant of summary judgment on the excessive force claims.

**4.    Claims Against Sheriff Glanz, Officer Mendenhall, and Officer DuBoise Under the Americans with Disabilities Act**

Mr. Smith also alleged two violations of the Americans with Disabilities Act. The first involved use of excessive force during the booking; the second involved Sheriff Glanz's housing of Mr. Smith with inmates who were "psychologically normal." Am. Compl. at 4. On appeal, Mr. Smith argues that Officers Mendenhall and DuBoise committed discrimination and violated the statute by confusing a mental abnormality with uncooperative behavior.

In order to plead a valid claim, Mr. Smith had to allege facts showing that the jailers had failed to reasonably accommodate a disability during the booking process, inflicting greater injury or indignity to Mr. Smith than to others being booked into the jail. *See Gohier v. Enright*, 186 F.3d 1216, 1220-21 (10th Cir. 1999).

No such factual allegations appeared in the amended complaint. As a result, the district court dismissed all claims under the Americans with Disabilities Act. We cannot fault the district court for failing to entertain factual allegations that had not appeared in the amended complaint.

**5.    Recusal**

In an earlier case, Mr. Smith filed a judicial misconduct complaint against the same district court judge who presided over this case. Based on this complaint, Mr. Smith asked the judge to recuse or to order a change in venue. The judge declined to recuse or change venue. These rulings do not constitute error. *See In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000).

**6.    Allegedly Missing Videotapes**

Mr. Smith alleged that the defendants had failed to produce some of the footage that was videotaped during the booking. The district court rejected the argument, concluding that the additional footage probably did not exist and would not have affected the outcome. This ruling fell within the district court's discretion. *See El Encanto, Inc. v. Hatch Chile Co.*, 825 F.3d 1161, 1162 (10th Cir. 2016).

**7.    Leave to Amend**

Mr. Smith acknowledged in district court that he had misidentified the two officers involved in the initial skirmish. Based on the misidentification, Mr. Smith sought leave to amend his complaint to add Corporal Miller and Officer Cantrell as defendants. The district court denied leave to amend, reasoning that amendment would be futile because the award of summary judgment was based on the absence of a

legal violation, not Mr. Smith's misidentification of the alleged culprits. The district court correctly determined that leave to amend would be futile. *See Jones v. Norton*, 809 F.3d 564, 579 (10th Cir. 2015), *petition for cert. filed* (U.S. Jul. 13, 2016) (No. 16-72).

## 8. New Arguments in Mr. Smith's Reply Briefs

In his reply briefs, Mr. Smith also argues that (1) he was improperly housed with violent gang members and (2) the district court erroneously denied a request to

- subpoena a videotape and a record of the assault and
- grant a temporary injunction.

These arguments did not appear in Mr. Smith's opening brief; thus, we decline to consider these arguments. *See Garcia v. LeMaster*, 439 F.3d 1215, 1220 (10th Cir. 2006) (declining to consider issues raised for the first time in a reply brief).

## 9. Disposition

We affirm the district court's rulings

- dismissing claims of excessive force against Sheriff Glanz,
- addressing the Americans with Disabilities Act,
- awarding summary judgment to Officer Mendenhall and Officer DuBoise on the claims of excessive force, and

- declining to recuse or change venue, refusing to take action for failure to produce footage from the videotapes, and denying leave to amend the complaint.

Entered for the Court


Robert E. Bacharach
Circuit Judge