**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

**September 8, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

JOHNNY LICERIO,

    Plaintiff - Appellant,

v.

OFFICER R. LAMB; OFFICER TEIGEN;
DOCTOR MATTHEW DELIERE; JANE
DOE, Doctor with Tri County Urgent Care;
JANE DOE, Radiologist with Tri County
Urgent Care; PARKER ADVENTIST
HOSPITAL; JANE DOE, Officer with
Arapahoe County Sheriff's Office;
OFFICER BEATY; CHIEF JARED
ROWLISON; JOHN DOE, Officer with
Arapahoe County Sheriff's Office; JOHN
DOE, Nurse with Arapahoe County
Sheriff's Office; JOHN DOE, Psychiatrist
with Denver Health; JOHN DOE, Medical
Provider with the Arapahoe County
Sheriff's Office; JOHN DOE, Someone
with Tri County Urgent Care; JOHN DOE,
Someone with the Arapahoe County
Detention Facility; KATIE TELFER,
Public Defender,

    Defendants - Appellees.

No. 21-1375
(D.C. No. 1:20-CV-00681-WJM-STV)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

_____

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.

_____

Johnny Licerio, proceeding pro se, appeals from the district court's dismissal of his Third Amended Complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm based on our firm-waiver rule.

## BACKGROUND

Mr. Licerio is confined to the Colorado Mental Health Institute at Pueblo (CMHIP). His claims, however, do not concern his treatment at CMHIP. Rather, they arise out of an earlier attack on Mr. Licerio by other inmates while he was a pretrial detainee at the Arapahoe County Detention Facility (ACDF). Broadly summarized, Mr. Licerio alleges that officers at ACDF facilitated and encouraged the attack, including engineering his placement in a particular pod and providing the inmates with information about him. He further alleges that medical personnel denied him adequate treatment after the attack, both at ACDF and at a local hospital.

Mr. Licerio's Third Amended Complaint set forth 14 claims against seven named defendants and 10 Doe defendants. Mr. Licerio made eight claims under 42 U.S.C. § 1983, alleging violations of his constitutional rights; two claims under 42 U.S.C. § 1985(3), alleging conspiracies to violate his civil rights; two claims under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd; and two claims under state law.

2

Several defendants moved to dismiss the claims against them. Concluding that the Third Amended Complaint failed to state a claim upon which relief could be granted, the magistrate judge recommended that the district court dismiss all of Mr. Licerio's claims under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). The magistrate judge's report and recommendation notified Mr. Licerio that he had 14 days to file written objections to the recommendation, *see* Fed. R. Civ. P. 72(b)(2), and that a failure to file timely objections may result in a waiver of the right to appeal.

The report and recommendation was filed on July 15, 2021. Because he was served by mail, Mr. Licerio had three additional days to file his objections. *See* Fed. R. Civ. P. 6(d). The extended deadline was August 1, a Sunday, so his filing deadline became Monday, August 2. *See* Fed. R. Civ. P. 6(a)(1)(C). The district court, however, did not receive the objections until August 6. Although the district court considered the objections, ultimately it adopted the report and recommendation and dismissed the Third Amended Complaint with prejudice.

Mr. Licerio filed a timely notice of appeal.

### DISCUSSION

Generally we review dismissals under Rule 12(b)(6) and § 1915(e) de novo. *See Garcia v. Lemaster*, 439 F.3d 1215, 1217 (10th Cir. 2006). But in this case, Mr. Licerio waived his right to appellate review by failing to file timely and specific objections to the magistrate judge's report and recommendation.

3

"This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). We do not apply this rule, however, "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Id.* (internal quotation marks omitted). Noting Mr. Licerio's failure to file timely objections, this court issued an Order to Show Cause why the firm-waiver rule should not apply, to which Mr. Licerio responded.[1]

Mr. Licerio does not claim the magistrate judge's order omitted the required notice. Rather, he claims his objections were timely by invoking the prison-mailbox rule. Under this rule, "an inmate who places a federal [court filing] in the prison's internal mail system will be treated as having 'filed' that [document] on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). The rule carries specific requirements:

> [A]n inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of

---

[1] Although the district court chose to consider the objections, this court still may apply the firm-waiver rule. *See Vega v. Suthers*, 195 F.3d 573, 580 (10th Cir. 1999) ("[A] district court's decision to review [a report and recommendation] *de novo*, despite the lack of an appropriate objection, does not, standing alone, preclude application of the waiver rule.").

4

> perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

*Id.* at 1166.[2]  It is the inmate's burden to show compliance with the requirements of the prison-mailbox rule.  *See id.*

Mr. Licerio's response states, under penalty of perjury, that at the time, he was not aware of the requirements for satisfying the prison-mailbox rule, but that he deposited his objections into CMHIP's mailbox on July 28, 2021.  Citing Federal Rule of Appellate Procedure 4(c)(1)(B), which allows us to exercise our discretion to permit the later filing of a declaration that an inmate timely deposited a notice of appeal in institutional mail, he asks us to accept his response as a late-filed declaration of compliance with the mailbox rule.

Mr. Licerio's certificate of service for his objections does not satisfy the prison-mailbox rule.  Nor does his response to this court's show-cause order. Although the response is made under penalty of perjury and states the date he deposited his objections into CMHIP's mail system, it does not state that postage was prepaid.  Thus, it is inadequate.  *See United States v. Smith*, 182 F.3d 733, 734 n.1 (10th Cir. 1999) (refusing to grant a pro se prisoner benefit of the prison-mailbox rule because his filing "did not, as required, state that first-class postage has been

---

[2] *Price* addressed the filing of a complaint under 42 U.S.C. § 1983. *See* 420 F.3d at 1165.  But because of the "clear desire for across-the-board consistency, and the obvious practical reasons for imposing a uniform rule to all inmate filings," *Price* "appl[ied] the same requirements to Price's § 1983 complaint that we have applied to other inmate filings with the benefit of a mailbox rule in . . . other contexts." *Id.*  We do the same here, applying the same requirements to objections as we would to other inmate filings.

prepaid" (internal quotation marks omitted)). Because Mr. Licerio failed to show compliance with the prison-mailbox rule, his objections were filed when the district court received them on August 6, 2021, *see Price*, 420 F.3d at 1167, and therefore they were untimely.

Moreover, even if the objections had been timely, a party's objections to a magistrate judge's recommendation regarding a dispositive motion must be "specific." Fed. R. Civ. P. 72(b)(2); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (requiring an objection to be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute"). As the district court recognized, several of Mr. Licerio's objections were not sufficiently specific.

Mr. Licerio's response also sets forth additional facts that he would like to present to the district court in support of his claims. He does not identify any reason, however, why he could not have included those facts in the Third Amended Complaint. Further, he does not identify any other factors that would invoke the interests-of-justice exception.

Because Mr. Licerio waived appellate review of the dismissal of his Third Amended Complaint, we will not review his arguments regarding the sufficiency of the complaint. His additional arguments challenging the district court's denial of injunctive relief and requesting appointment of counsel on remand are moot.

**CONCLUSION**

We grant Mr. Licerio's motion to proceed without prepayment of fees and costs, and we affirm the district court's judgment.

Entered for the Court

Harris L Hartz
Circuit Judge