**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEPHEN CRAIG BURNETT,

Plaintiff-Appellant,

v.

KIM LEATHERWOOD, Mail Clerk;
JOSEPH TAYLOR, Warden; JOSEPH
SEBENICK, Internal Affairs Officer;
MICHAEL MUNDAY, Disciplinary
Hrg. Officer; KATHY JONES, Warden's
Secretary/Grievance Officer; DEBBIE
MORTON, Administrative Review
Authority,

Defendants-Appellees.

No. 13-6118
(D.C. No. 5:10-CV-00769-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Stephen Craig Burnett, an Oklahoma prisoner proceeding pro se, appeals from

district court orders that entered summary judgment in favor of the

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendants-Appellees on his 42 U.S.C. § 1983 civil-rights claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm for substantially the same reasons identified by the district court.

## BACKGROUND

Burnett is an Oklahoma inmate serving a life sentence for first-degree murder. At the times relevant to this case, he was incarcerated at the Cimarron Correctional Facility (CFF).

In May 2010, Burnett deposited in the CFF mailroom an envelope containing an amended complaint naming various prison personnel as defendants. Although the complaint was not mailed out until four days later, it reached the district court before the deadline that had been imposed.

Given that the envelope bore a large number of postage stamps, Internal Affairs Officer Joseph Sebenick investigated and learned that Burnett had over a period of time used more stamps than he had purchased. Consequently, Sebenick wrote Burnett up on a charge of bartering with other inmates. Several days later, Sebenick also charged Burnett with two instances of possessing other inmates' legal mail.

Following hearings before Sergeant Michael Munday on the three misconduct charges, Burnett was found guilty. For each conviction, he was fined $5.00, required to forfeit 60 earned credits, and apparently given points to increase his security classification. The convictions were administratively affirmed. Warden Joseph

Taylor ultimately ordered a rehearing on the bartering charge, but that rehearing never took place. When Burnett appealed the other two convictions to the next level, Officer Debbie Morton rejected them, stating, "You are currently serving a sentence of Life . . . and are not eligible to receive earned credits. As you are ineligible to receive earned credits you are not entitled to a due process review." R., Vol. II at 58.

In March and June 2010, Burnett filed grievances complaining that he had been unable to make telephone calls following an increase in his security classification and that he had been unable to obtain copies of past grievances. Both grievances were denied, and Burnett was unsuccessful on administrative appeal.

In July 2010, Burnett filed a four-claim civil-rights complaint, which is the subject of this appeal. The complaint named Taylor, Sebenick, Munday, Morton, CFF's grievance officer (Kathy Jones), and a clerk in the mailroom (Kim Leatherwood). In claims one and two, Burnett alleged that Leatherwood and Sebenick interfered with his rights to send mail to the court and to be free from retaliation for having sued prison employees in other cases. In claim three, Burnett claimed that Taylor, Sebenick, Munday, and Morton violated his equal-protection and due-process rights during the three disciplinary hearings. Finally, in claim four, Burnett alleged that Taylor and Jones retaliated against him and violated his equal-protection and free-speech rights by not allowing him to make phone calls and by denying him copies of past grievances.

The defendants moved to dismiss Burnett's complaint and for summary judgment on all of his claims. Burnett also sought summary judgment. A magistrate judge recommended granting summary judgment to the defendants on all of Burnett's claims except for the retaliation claim against Sebenick in claim two. The district court adopted the recommendations and later granted Sebenick summary judgment on the retaliation claim because Burnett had failed to exhaust his administrative remedies.

## DISCUSSION

"We review a district court's decision granting summary judgment *de novo*, resolving all factual disputes and drawing all reasonable inferences in favor of the non-moving party." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Burnett challenges nearly every aspect of the summary-judgment recommendations and orders entered in this case, often without providing record citations, case authorities, or cogent argument. Although he is a pro se litigant, entitled to have his pleadings liberally construed, we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). And we do not consider arguments that are inadequately briefed. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (holding that a party,

- 4 -

including a pro se litigant, waives an inadequately briefed issue); *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) (applying waiver rule where appellant's bare assertion of the existence of a dispute of material fact was unsupported by "citation to authority or the record"). Accordingly, we have reviewed the thorough recommendations and orders issued by the magistrate judge and the district judge, and we conclude, for substantially the same reasons they have identified, that summary judgment is appropriate on all of Burnett's claims.

Specifically, as to claim one, although "[t]he right of access to the courts is . . . one of the fundamental rights protected by the Constitution," *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (internal quotation marks omitted), personal participation in the denial of access is essential, *id.* at 950-51. As the magistrate judge noted, Burnett asserted only that a former mailroom employee, who was not named as a defendant, had any involvement in delaying his amended complaint. Consequently, summary judgment was appropriate on this claim.[1]

Regarding claim two, it is well-established that prison officials may not retaliate against an inmate because of the inmate's initiation of litigation. *Id.* at 947-48. But Burnett alleged that only Sebenick engaged in retaliation, and as the

---

[1] Additionally, in order to support a claim for denial of access to the courts, "a prisoner must demonstrate actual injury from interference with his access to the courts—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010). Burnett has not shown an issue of fact as to whether he suffered any injury from the late mailing of his amended complaint.

district judge observed, because Burnett had not filed a grievance claiming retaliation, the claim against Sebenick was unexhausted. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002) (observing that "[t]he Prison Litigation Reform Act . . . requires that 'available' administrative remedies be exhausted prior to filing an action with respect to prison conditions under § 1983" (citation omitted)). Burnett nevertheless contends that he satisfied the exhaustion requirement by arguing during one of his misconduct appeals that the misconduct charges were "obvious retaliation" for the earlier lawsuit. R., Vol. II at 95. But Burnett's misconduct appeal focused on the procedures utilized at the misconduct hearing and the evidence of his guilt on an improper-possession-of-legal-mail charge. The appeal would not have put prison officials on notice that Burnett was submitting a retaliation-based grievance, and Burnett fails to identify any prison regulation that might suggest retaliation grievances were excused from the ordinary prison-grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 95 (2006) (explaining that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"); *Jernigan*, 304 F.3d at 1032 (stating that "the doctrine of substantial compliance does not apply" to an inmate's failure to "*properly* complete the grievance process"). Thus, claim two was unexhausted.[2]

---

[2]    Relying on *Fitzgerald v. Corrections Corp. of Am.*, 403 F.3d 1134 (10th Cir. 2005), Burnett argues that the district court improperly "skip[ped] ahead to the merits of [his] case[ ] and then belatedly dismiss[ed] it due to an allegation of failure to exhaust administrative remedies when it look[ed] as though [he] might prevail on the
(continued)

Burnett's third claim contained due-process and equal-protection challenges. The magistrate judge aptly determined that the $5.00 fines, imposition of security points, the failure to rehear the bartering charge, and Morton's rejection of Burnett's two appeals did not implicate a liberty interest protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that although states may sometimes create liberty interests protected by the Due Process Clause, these interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").[3] But even if Morton had raised protected liberty interests (or property interests, such as the $5.00 fines), the magistrate judge correctly determined that Burnett received constitutionally adequate due process. *See Superintendent v. Hill*,

merits." Supp. to Aplt. Opening Br. at 2. But *Fitzgerald* held that a district court may not overlook a prisoner's failure to exhaust and reach the merits. *Fitzgerald*, 403 F.3d at 1140-41. The district court here complied with *Fitzgerald*.

[3] Burnett does not complain that the loss of earned good-time credits implicates a liberty interest. Nor could he, given that his life sentence precludes the use of such credits to shorten the length of his confinement. *See* 57 Okla. Stat. Ann. § 138(A). He does claim, however, that the misconduct convictions had the added consequence of adversely affecting his parole. Thus, he asserts, the magistrate judge erred by denying his motion for leave to file a copy of an investigative parole report. The magistrate judge questioned the report's authenticity and excluded it, given that it bore inconsistent dates and was allegedly sent to Burnett by an unidentified attorney who Burnett claimed was assisting him. We conclude that the decision to exclude the report was not an abuse of discretion. *See Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1016 (10th Cir. 2002) (noting that the exclusion of "evidence at the summary judgment stage [is reviewed] for abuse of discretion"). Moreover, as the magistrate judge further noted, whether the three misconduct convictions had any effect on the decision to deny Burnett parole is irrelevant because Oklahoma inmates do not possess a liberty interest in parole. *See Shirley v. Chestnut,* 603 F.2d 805, 807 (10th Cir. 1979).

- 7 -

472 U.S. 445, 454 (1985) (holding that there must be "some evidence" to support a disciplinary conviction and that the inmate facing disciplinary charges must be given (1) advance written notice of the charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement from the factfinder).

Regarding the equal-protection component of claim three, Burnett alleged only that he was treated differently than inmates who are eligible for earned credits and have done "the same thing(s) [he] did." R., Vol. I at 30. But the Equal Protection Clause does not forbid differential treatment per se; rather, "[i]t simply keeps governmental decision makers from treating differently persons *who are in all relevant respects alike.*" *Taylor v. Roswell Ind. Sch. Dist.*, 713 F.3d 25, 53-54 (10th Cir. 2013) (internal quotation marks omitted). And where, as here, the challenged government action does not implicate a fundamental right or a protected class, the differential treatment needs only a "rational relation to some legitimate end." *Price–Cornelison v. Brooks*, 524 F.3d 1103, 1110 (10th Cir. 2008) (internal quotation marks omitted). As the magistrate judge pointed out, Burnett has not shown that it is irrational for prison officials "to handle the *appeals* of those who receive discipline that may affect the duration of their confinement differently from those who receive discipline of a different nature." R., Vol. I at 306. Summary judgment was, therefore, properly granted on claim three.

Finally, concerning Burnett's fourth claim, we agree with the magistrate judge that Burnett failed to identify any evidence that his difficulties making phone calls and obtaining copies were the result of retaliation for his earlier legal actions against Taylor and Jones. Although Burnett contends that he "was prejudiced by being denied discovery on the issues," Aplt. Opening Br. at 11, he fails to provide sufficient explanation in support of this issue. We deem the discovery issue waived. *See Native Am. Distrib. v. Seneca–Cayuga Tobacco Co.*, 546 F.3d 1288, 1292 n.1 (10th Cir. 2008).

## CONCLUSION

The judgment of the district court is affirmed for substantially the same reasons contained in the magistrate judge's August 8, 2011, and August 10, 2011, report and recommendations and the district judge's April 19, 2013 order. We grant Burnett's motion to supplement the record on appeal, given that the record as it currently stands contains only the district court filings related to the claims against Sebenick. We deny Burnett's request to incorporate into this appeal his prior appeal in Case No. 11-6264, which was dismissed for lack of jurisdiction.

Entered for the Court


Bobby R. Baldock
Circuit Judge

- 9 -