**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KENNETH D. LEEK,

     Plaintiff - Appellant,

v.

C. MILLER, Unit Team Counselor, El
Dorado Correctional Facility, in his private
and official capacity; JAMES
HEIMGARTNER, Warden, El Dorado
Correctional Facility, in his private and
official capacity; KEVIN BOSCH,
Disciplinary Hearing Officer, Lansing
Correctional Facility, in his private
capacity; RANDOLPH W. JOHNSON,
Disciplinary Hearing Officer, El Dorado
Correctional Facility, in his private
capacity; JANE DOE, Employee,
Centralized Banking at Lansing
Correctional Facility, in her private and
official capacity; KENNETH MCGUIRE,
Disciplinary Hearing Officer, El Dorado
Correctional Facility, in his individual
capacity; TAMMY MARTIN, Unit Team
Manager, El Dorado Correctional Facility,
in her private and official capacity,

     Defendants - Appellees.

No. 16-3225
(D.C. No. 5:15-CV-03017-SAC-DJW)
(D. Kan.)

_____

**ORDER AND JUDGMENT***

_____

     * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral

(continued)

_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

Kenneth Leek, a Kansas prisoner proceeding pro se, appeals the judgment entered

in defendants' favor on his claims brought under 42 U.S.C. § 1983 asserting defendants

retaliated against him in violation of his free-speech rights, violated his right of freedom

of association, and refused to release his prison accounts without affording him

procedural due process. He seeks leave to proceed on appeal in forma pauperis (IFP).

We affirm the judgment and deny the IFP motion as moot because the district court

granted Mr. Leek leave to proceed IFP on appeal, *see* Fed. R. App. P. 24(a)(3) (providing

that a party authorized to proceed IFP in the district court may proceed on appeal IFP).

## I.      Background

We provide only a brief factual summary to frame the issues presented for review.

In several prison disciplinary proceedings, Mr. Leek was fined various amounts, ranging

from $5 to $40. He also was required to pay court fees from his prison accounts. Prison

policy provided that before a prisoner could spend his forced savings account, he was

required to exhaust his cash account balance. Invoking this policy, defendants refused to

release funds from Mr. Leek's forced savings account. In October and December 2014,

Mr. Leek received checks from his wife and aunt, which were used to pay court fees. In

December 2014, Mr. Leek filed a request for release of his forced savings funds, but the

estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

request was not processed until February 2015. As a result of defendants' treatment of his accounts, Mr. Leek alleged he was deprived of funds he needed to purchase items in the prison canteen for his personal comfort and hygiene, as well as items available only during the Christmas season. He further asserted that because he could not purchase writing materials and postage stamps, he could not communicate with his friends and family.

Two days after filing his complaint, Mr. Leek was required to move to a different cell, and in the process he was strip searched and his belongings were thoroughly searched. He was moved back to his original cell block (but to a cell directly in front of a security camera) shortly after filing an administrative grievance. He alleged the cell transfers were in retaliation for filing the lawsuit and grievance.

On initial screening pursuant to 28 U.S.C. §§ 1915(e) & 1915A(a)&(b), the district court dismissed Mr. Leek's claims for retaliation and violation of his associational rights for failure to state a claim. Defendants then filed a motion to dismiss the remaining claims, which the district court converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) (authorizing court to convert a motion to dismiss to one for summary judgment). After affording the parties an opportunity to present pertinent material, *see id.*, the district court granted summary judgment to defendants, holding that they were entitled to qualified immunity because Mr. Leek had failed to establish a protected property interest in his prison accounts.

3

## II. Appellate Jurisdiction

Defendants argue that the appeal must be dismissed because the notice of appeal designates only the final judgment but does not list the interim order that is the subject of two of Mr. Leek's appellate claims. Mr. Leek responds that this court construed his letter inquiring about necessary forms for filing an appeal as a notice of appeal. We need not address whether the procedure employed by the court clerk was proper because this court has jurisdiction to review all of the district court's orders entered prior to the notice of appeal.

"[A] notice of appeal designating the final judgment necessarily confers jurisdiction over earlier interlocutory orders that merge into the final judgment." *AdvantEdge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236-37 (10th Cir. 2009). Thus, because Mr. Leek's "notice of appeal . . . names the final judgment[, it] is sufficient to support jurisdiction over earlier orders that merged in the final judgment." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1111 (10th Cir. 2007). The defendants' request to dismiss the appeal is denied.

## III. Dismissal under §§ 1915(e) and 1915A(a)&(b)

The district court screened Mr. Leek's complaint under 28 U.S.C. § 1915A(a) and dismissed Mr. Leek's retaliation and associational claims for failure to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A(b). "We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). We consider whether the allegations in the complaint "plausibly

4

support a legal claim for relief." *Id.* at 1218 (internal quotation marks omitted). In doing so, we require factual allegations in a complaint "to raise a right to relief above the speculative level." *Id.* (internal quotation marks omitted).

We have liberally construed Mr. Leek's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

## A. Retaliation

Mr. Leek alleged that he was required to move to a different cell twice, each time after filing a lawsuit or a grievance against a prison official, and each time being required to endure a strip search and a thorough search of his possessions. He further alleged that he was placed in a cell in front of a security camera, and that during the first move, defendant Miller said, "You and your paperwork can go bother someone else for a while," R. Vol. 1, at 142.

"It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (brackets and internal quotation marks omitted). Nor may prison officials retaliate against prisoners for filing administrative grievances. *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991).

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements:
> (1) that the plaintiff was engaged in constitutionally protected activity;

5

(2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

The district court held that Mr. Leek failed to allege facts to establish the second element, but we conclude that Mr. Leek failed to state a claim as to the third element. "We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *Garcia v. Lemaster*, 439 F.3d 1215, 1220 (10th Cir. 2006) (internal quotation marks omitted). To satisfy the third element, Mr. Leek was required to establish that "but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks omitted).

"[I]t is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison, and our retaliation jurisprudence does not change this role." *Id.* Furthermore, "an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Id.*

Mr. Leek alleged that he was transferred within the same prison and did not allege he suffered a change in security status or loss of privileges. *Cf. Fogle v. Pierson*, 435 F.3d 1252, 1263-64 (10th Cir. 2006) (stating transfer to another prison or to segregation may state a retaliation claim where prison "official told [plaintiff] that if he did not stop

6

complaining he would be transferred to long-term administrative segregation at another facility"). He also made no allegation that the strip searches and the searches of his personal property were unusual when a prisoner was transferred. Indeed, he did not allege that he was strip searched in retaliation for his protected activity. And strip searches of prisoners are not per se prohibited. *See Farmer v. Perrill*, 288 F.3d 1254, 1260 (10th Cir. 2002) (recognizing that prisoner strip searches must be "reasonably related to a legitimate penological interest" (emphasis omitted)). Mr. Miller's alleged comment about Mr. Leek and his paperwork bothering someone else was an offhand remark made after the decision to move him had been finalized and was not evidence of retaliatory intent, particularly since Mr. Leek acknowledged that Mr. Miller was not the decisionmaker.

Consequently, the only allegation that supports his retaliation claim is the close temporal proximity of the transfers to the protected activity. This does not constitute sufficient circumstantial proof of a retaliatory motive to state a claim. *Cf. Smith v. Maschner*, 899 F.2d 940, 949 (10th Cir. 1990) (reversing summary judgment because "circumstantial evidence of the suspicious timing of [plaintiff's] discipline, coincidental transfers of his witnesses and assistants, and an alleged pattern by defendants of blocking his access to legal materials and assistance" was sufficient to create a jury question on plaintiff's retaliation claim). We affirm the district court's dismissal of the retaliation claim for failure to state a claim.

**B. Association**

Mr. Leek also appeals the dismissal of his claim that he was denied his First Amendment rights of familial association when he was unable to communicate with his family and friends due to a lack of funds to purchase writing materials and postage stamps.[1] The district court held that Mr. Leek failed to state a claim because he did not "allege facts indicating that he was prevented from communicating with friends and family through means other than the mail for the period of time he could not buy stamps." R. Vol. 1, at 132. We affirm, but for reasons other than those stated by the district court. *See Garcia*, 439 F.3d at 1220.

"The right to familial association is grounded in the Fourteenth Amendment's Due Process Clause." *Cordova v. City of Albuquerque*, 816 F.3d 645, 654 (10th Cir. 2016) (brackets and internal quotation marks omitted). A plaintiff must make two showings to succeed on a familial-association claim: "(1) that the defendants intended to deprive him of his protected relationship, and (2) that balancing the individual's interest in the protected familial relationship against the state's interests in its actions, defendants either unduly burdened plaintiff's protected relationship, or effected an unwarranted intrusion into that relationship." *Id.* (brackets and internal quotation marks omitted). In addition, "[t]he conduct or statement must be *directed at the familial relationship* with knowledge

---

[1] Defendants argue that Mr. Leek's First Amendment claim is barred on appeal because he failed to raise it in the district court. The district court construed Mr. Leek's claim that he lacked money to purchase stamps as a First Amendment claim, so we review the court's ruling.

that the statements or conduct will adversely affect that relationship." *Id.* (internal quotation marks omitted).

Mr. Leek's familial-association claim fails on the first element. He has alleged no facts suggesting that any of the defendants "had the intent to interfere with a particular protected relationship," *id.* at 654-55 (internal quotation marks omitted).

Mr. Leek asserts the district court erred in not inviting him to amend his complaint a second time to address whether he had other means to communicate with his family and friends. Given our holding above, any such amendment would have been futile. *Cf. Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (stating a district court need not permit an opportunity to amend "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

## IV. Protected Property Interest in Prison Accounts

Finally, Mr. Leek challenges the grant of summary judgment to the defendants on his claim that he was denied access to his prison accounts without procedural due process. To prevail on a procedural due process claim, a litigant must show (1) the state deprived him of a protected interest in liberty or property and (2) he was not "afforded an appropriate level of process[.]" *Washington v. Unified Gov't of Wyandotte Cty.*, 847 F.3d 1192, 1201 (10th Cir. 2017) (internal quotation marks omitted). The district court held that the defendants were entitled to qualified immunity because it was not clearly established that a prisoner has a constitutionally protected property interest in his prison accounts.

9

We review de novo the district court's grant of summary judgment based on qualified immunity. *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010). "A defendant asserting qualified immunity should be granted summary judgment 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)(2)).

"Qualified immunity is an affirmative defense to a section 1983 action, providing immunity from suit from the outset." *Washington*, 847 F.3d at 1197 (internal quotation marks omitted). "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "To survive summary judgment after a defendant has claimed qualified immunity, the plaintiff must establish (1) the defendant violated a constitutional right, and (2) the right was clearly established." *Washington*, 847 F.3d at 1197. "[W]e have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first, [and to affirm a grant of qualified immunity], we need only find that the plaintiff failed either requirement." *Clark*, 625 F.3d at 690 (citation, brackets, and internal quotation marks omitted). A plaintiff may show that the law is clearly established "by identifying an on-point Supreme Court or published Tenth Circuit decision; alternatively, the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015) (internal quotation marks omitted).

10

We address whether the asserted right—a protected property interest in prison accounts triggering procedural due process—was clearly established. In *Clark*, this circuit held that the atypical-and-significant-hardship evaluation announced in *Sandin v. Conner*, 515 U.S. 472 (1995), applied "to protected property interest inquiries." 625 F.3d at 691.[2] In doing so, we overruled an earlier case holding that prisoners have a protected property interest in the funds in their prison trust accounts. *Id.* (citing *Gillihan v. Shillinger*, 872 F.2d 935 (10th Cir. 1989)). Consequently, the *Gillihan* holding "is no longer good law and, hence, not 'clearly established' in this circuit." *Id.*

After *Clark*, in several unpublished decisions this circuit found it unnecessary to resolve whether a prisoner has a protected property interest in his prison accounts.[3] *See Burnett v. Leatherwood*, 557 F. App'x 739, 742-43 (10th Cir. 2014) (stating even if the prisoner had a protected property interest in a $5 fine, he had received constitutionally adequate due process); *Clark v. Oakley*, 560 F. App'x 804, 808 n.1 (10th Cir. 2014) (stating the issue was not before the court, but "[i]t may be that inmates do have a property interest in their prison accounts"); *Tenison v. Morgan*, 508 F. App'x 824, 826

---

[2] Mr. Leek argues on appeal that the defendants' treatment of his prison funds caused him atypical and significant hardship, as contemplated by *Sandin*, thus implicating a protected property interest. In opposing summary judgment, he did not raise this argument to the district court, so we do not consider it. *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

[3] Although generally not dispositive, unpublished decisions "need not be ignored in determining whether the law was clearly established." *Estate of Booker v. Gomez*, 745 F.3d 405, 428 n.29 (10th Cir. 2014).

n.2 (10th Cir. 2013) (finding it "[un]necessary to resolve the more difficult question of whether [the prisoner] has a property interest in his Oklahoma prison trust fund account"); *Tijerina v. Patterson*, 507 F. App'x 807, 810 (10th Cir. 2013) (recognizing that the Tenth Circuit had not determined "whether an inmate has a property interest in funds held in a prison account," and finding it unnecessary to decide the question); *cf. Whitmore v. Hill*, 456 F. App'x 726, 729 (10th Cir. 2012) (assuming that a fine implicated prisoner's protected property interests; holding prisoner received adequate procedural due process). As these cases demonstrate, the law in this circuit is not clearly established whether a prisoner has a protected property interest in his prison accounts.

Mr. Leek relies on a case from the Third Circuit holding "the Department of Corrections' assessment of [the prisoner's] institutional account constituted the deprivation of a protected property interest for purposes of procedural due process." *Burns v. Penn. Dep't of Corr.*, 544 F.3d 279, 291 (3d Cir. 2008). "Normally, a single recent case from one circuit is not sufficient to make the law clearly established in another circuit." *Woodward v. City of Worland*, 977 F.2d 1392, 1397 (10th Cir. 1992) (internal quotation marks omitted). Mr. Leek has not cited any Supreme Court or published Tenth Circuit case, or case law from any circuits other than the Third Circuit, to support his constitutional claim. Therefore, we conclude that the district court properly granted summary judgment on qualified-immunity grounds.

## V.     Conclusion

Defendants' request to dismiss the appeal is denied. Mr. Leek's motion to proceed IFP is denied as moot because the district court granted Mr. Leek leave to proceed IFP on

12

appeal; he is reminded to continue making partial payments until the entire filing and docketing fees are paid in full. The judgment is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge